IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1995 SESSION

FILED

December 28, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9412-CC-00298 |
| Appellee, | ) | |
| | ) | HENRY COUNTY |
| VS. | ) | |
| | ) | HON. JULIAN P. GUINN, |
| RAY ANTHONY BRIDGES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Possession of cocaine with intent |
| | ) | to sell) |

## SEPARATE CONCURRING OPINION

Although I agree with the majority in the results, I must respectfully disagree with the reasoning applied in issue 2 regarding the seizure of the pill bottle. In footnote number four of the majority opinion, the author makes note of a possibly "overly stringent probable cause standard" applied in State v. White, No. 03C01-9408-CR-00277, Sullivan County (Tenn. Crim. App. filed June 7, 1995, at Knoxville). In White I wrote separately, contending that the discovery of a film canister inside the defendant's shorts was "immediately apparent" and would have been properly seized in a Terry stop and frisk. I based that conclusion on testimony of the officer concerning the custom of carrying cocaine in film canisters along with the fact that the canister was concealed in the defendant's undershorts, not a normal place to carry either exposed or unexposed film.

In the case under review, however, I am not ready to conclude that the finding of a prescription pill bottle in a defendant's jacket meets the "immediately apparent" test. In this case, the officer had received information from a confidential informant that the defendant was down at "preacher's place" in the "bottom" dealing crack cocaine at the time of the call. The informant further advised the officer that the

defendant was in possession of money and drugs at that particular time. The officer testified that this informant had previously furnished information that had led to an arrest and conviction and that the informant had always been straightforward, honest and reliable in giving information in the past. The officer also testified that he had received at least half a dozen anonymous tips concerning the defendant's dealing drugs in that particular area. Further, the officer was aware that the defendant was a convicted felon and a convicted drug dealer, and had been recently arrested on a weapons charge.

If information possessed by an officer is received from an informant, the officers must know that the informant has a basis for his information and that the informant is creditable or his information reliable. Any deficiency may be overcome, however, by independent police corroboration. State v. Jacumin, 778 S.W.2d 430, 436 (Tenn. 1989); State v. Marshall, 870 S.W.2d 532, 539 (Tenn. Crim. App. 1993). In this case I believe that if there was a deficiency, it was overcome by independent corroboration.

I would hold that the officers had probable cause to believe that the defendant was selling cocaine and, whether the search was incident to the defendant's arrest or based upon reasonable belief that the bottle contained illegal drugs, the officer properly proceeded without obtaining a warrant.

Although for a different reason, I concur in the results reached by the majority.

_____
JOHN H. PEAY, Judge